UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| TRIANGLE OIL & GAS, INC.<br>    *Plaintiff* | * | CIVIL ACTION NO. 06-0251 |
| VERSUS | * | JUDGE MELANCON |
| PETSEC ENERGY, INC. AND<br>PETSEC ENERGY, LTD.<br>    *Defendants.* | * | MAGISTRATE JUDGE METHVIN |

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION OF PETSEC ENERGY LTD.**

**NOW INTO COURT**, through undersigned counsel, comes defendant Pestec Energy Ltd. ("Petsec Ltd.") who, in accordance with Federal Rule of Civil Procedure 12(b)(2) and for the reasons set forth in this memorandum of law in support, moves this Court to dismiss the above-captioned matter for lack of personal jurisdiction over defendant, Petsec Ltd.

### INTRODUCTION

The Complaint filed by Plaintiff Triangle Oil & Gas, Inc. ("Triangle") fails to allege any facts supportive of this Court's exercise of personal jurisdiction over Petsec Ltd.  Petsec Ltd. does not have sufficient minimum contacts with the State of Louisiana to be subject to personal jurisdiction in this Court.  And the exercise of jurisdiction over Petsec Ltd. will offend the traditional notions of fair play and substantial justice and does not comport with the requirements

1

of due process. Accordingly, this Court should grant Petsec Ltd.'s 12(b)(2)Motion to Dismiss for Lack of Personal Jurisdiction.

I.   FACTUAL BACKGROUND

This lawsuit arises out of certain oil and gas operations conducted from Block 19, Main Pass Area, in the federal waters off the Outer Continental Shelf. Block 19, Main Pass Area, is covered by that Federal oil and gas lease having identification number OCS-G-26146 (the "Block 19 Lease"). Defendant Petsec Energy Inc. ("Petsec Inc.") and Triangle Oil & Gas, Inc. ("Triangle") own the entire record title interest in the Block 19 Lease. Triangle owns an undivided forty-five (45%) percent leasehold working interest in the Block 19 Lease. Petsec Inc. owns the remaining fifty-five (55%) percent of the leasehold working interest in the Block 19 Lease. Defendant Petsec Ltd. owns no interest in the Block 19 Lease.[1]

Petsec Inc. and Triangle entered into a Joint Operating Agreement (the "JOA") to cover the conduct of the operations under the Block 19 Lease. Pestec Inc. and Triangle are the only parties to the JOA, and the JOA designates Petsec Inc. as the Operator.

In 2005 Triangle and Petsec Inc. drilled several wells for the benefit of the joint account established by the JOA (the "Joint Account"). In addition to drilling these wells, Triangle and Petsec Inc. installed a used fixed platform on Block 19, including its ancillary structures, processing facilities, and a pipeline (collectively the "Platform"). Following installation of the

---

[1] *See* Affidavit of Craig H. Jones at ¶ 25 attached hereto as Exhibit "A."

Platform, several more wells were drilled by Triangle and Petsec Inc. Each of the wells drilled by Triangle and Petsec Inc. were drilled for the benefit of the Joint Account.

Block 18, Main Pass Area, located in federal waters on the Outer Continental Shelf, is currently covered by federal oil and gas lease, having serial number OCS-G-27194 granted by the United States Mineral Management Service. Petsec Inc. owns one hundred (100%) percent of the leasehold working interest in Block 18 (the "Block 18 Lease"). Triangle owns no interest whatsoever in the Block 18 Lease. Similarly, Petsec Ltd. owns no interest whatsoever in the Block 18 Lease.[2]

Block 103, Main Pass Area, located in federal waters on the Outer Continental Shelf, is currently covered by federal oil and gas lease, having serial number OCS-G-27200 granted by the United States Mineral Management Service. Petsec Inc. owns one hundred (100%) percent of the leasehold working interest in Block 103 (the "Block 103 Lease"). Triangle owns no interest whatsoever in the Block 103 Lease. Similarly, Petsec Ltd. owns no interest whatsoever in the Block 103 Lease.[3]

Plaintiff contends that following the drilling of the most recent well for the Joint Account, Pestec Inc., **at the direction of Petsec Ltd**., commenced the drilling of a directional well from the jointly owned Platform on Block 19 to a bottom-hole location on Block 18 (the

---

[2] *See* Affidavit of Ross A. Keogh at ¶¶ 3-6 attached hereto as Exhibit "B." *See also* at Exhibit "C" Certified Copy of Block 18 Lease. *See also* Affidavit of Craig H. Jones at ¶ 25 attached hereto as Exhibit "A."

[3] *See* Affidavit of Ross A. Keogh at ¶¶ 3-6 attached hereto as Exhibit "B." *See also* at Exhibit "D" Certified Copy of Block 103 Lease. *See also* Affidavit of Craig H. Jones at ¶ 25 attached hereto as Exhibit "A."

3

"G-6 Well").[4]  The purpose of the G-6 Well, as alleged by Plaintiff, is to explore for hydrocarbons beneath Petsec Inc.'s Block 18 Lease.[5]

Triangle alleges that it never consented to the drilling of the G-6 Well from the co-owned platform.[6]  Triangle also alleges that the "Defendants'" drilling of the G-6 Well delayed the completion of wells drilled for the Joint Account.[7]  Triangle further contends that the "Defendants'" operations for the G-6 Well had the effect of depriving the Joint Account of the use of the co-owned Platform.[8]

In short, Triangle complains that the "Defendants'" use of the co-owned Platform for their operations for their Block 18 and Block 103 Leases have detrimentally affected the operations for the Joint Account.  As a result, Triangle has allegedly incurred substantial losses and damages.[9]

In its Complaint, Triangle asserts causes of action against the "Defendants" for their alleged breach of contract, partnership duty, and fiduciary duty.  Triangle also asserts causes of

---

[4] *See* Triangle's Complaint at ¶ 26.

[5] *Id*.

[6] *Id*. at ¶ 28.

[7] *Id*. at ¶ 27.

[8] *Id*. at ¶ 29.

[9] *Id*. at ¶ 33.

action for conversion, trespass and unjust enrichment. And Triangle seeks a permanent injunction as well as a declaratory judgment and money damages including punitive damages.

Petsec Ltd. owns no interest in the Block 18 or 103 Leases. What is more, Petsec Ltd. conducted no operations under any of the Leases referenced in the Complaint. As will be shown in this memorandum, Petsec Ltd. lacks sufficient contacts with the forum, consequently this Court should decline to exercise jurisdiction over its person.

## II. JURISDICTIONAL FACTS AND ALLEGATIONS

### A. Petsec Ltd. lacks contacts with Louisiana.

As set forth in the affidavit of Craig Jones, secretary of Petsec Ltd., Petsec Ltd. is a domiciliary of Australia. Its principal office located in Sydney, Australia.[10] Petsec Ltd. does not maintain an office in Louisiana.[11] Petsec Ltd. has never had an agent for service of process in Louisiana, has never been licensed to do business in Louisiana and does not have any telephone service registered in its name in Louisiana.[12] It has never owned, rented, or leased any immovable property located within Louisiana.[13] Moreover, Petsec Ltd. has no officers or directors who are residents of Louisiana.[14]

---

[10] See Affidavit of Craig H. Jones at ¶ 3 attached hereto as Exhibit "A."

[11] See Affidavit of Craig H. Jones at ¶ 4 attached hereto as Exhibit "A."

[12] *Id.* at ¶¶ 5-7.

[13] *Id.* at ¶ 8.

[14] *Id.* at ¶ 9.

5

Petsec Ltd. has never maintained any business records within Louisiana, conducted any banking business in Louisiana, had any accounting work performed in Louisiana, or had any administrative functions performed in Louisiana.[15] Petsec Ltd. has never held any shareholders' meetings or board of directors' meetings within Louisiana, applied for a bank loan, or acted as a guarantor or consigner on a bank loan in Louisiana.[16] Petsec Ltd. has never paid or been obligated to pay a franchise tax in Louisiana and has never filed income tax returns in Louisiana.[17]

Petsec Ltd.'s Chief Executive Officer visits Lafayette typically during the Christmas holidays, and for the annual Minerals Management Services Gulf of Mexico Lease Sale. In addition, the Board of Directors for Petsec Ltd. approves certain capital expenditures made by Petsec Inc.[18] Petsec Ltd. also participates in the oversight of Petsec Inc.'s determination of which Offshore Blocks (Leases) it will bid on and the dollar amount of such bid.[19] Petsec Ltd. assumes this supervising role, however, only after Petsec Inc. has determined which Offshore Blocks have exploration potential to Petsec Inc.[20]

---

[15] *Id.* at ¶ 10.

[16] *Id.* at ¶ 11.

[17] *Id.* at ¶ 14.

[18] *See* Affidavit of Craig H. Jones at ¶ 22 attached hereto as Exhibit "A."

[19] *Id.* at ¶ 23.

[20] *Id.*

6

Inasmuch as the foregoing can be considered contacts with the State of Louisiana, the contacts of Petsec Ltd. are not direct, and consist entirely of Petsec Ltd.'s function in the corporate structure. That function is typical of an independent subsidiary parent relationship where Petsec Ltd. plays a role in approving certain budget matters for Petsec Inc. and is not, as is more fully discussed herein, sufficient subject Petsec Ltd. to the jurisdiction of this Court.

B.  **Triangle's jurisdictional allegations relative to Petsec Ltd. lack any factual basis.**

Triangle's jurisdictional allegations concerning Petsec Ltd. are boilerplate and conclusory and for the most part, lack any factual basis. The sum total of these allegations is that, "[u]pon information and belief, Petsec [Energy Inc.] is a wholly-owned subsidiary of, and is controlled by, Petsec Ltd." The Complaint contains other similar allegations relating to the control of Petsec Inc. by Petsec Ltd., but they too are all but conclusory allegations.

In fact, Petsec (U.S.A.) Inc. owns 100% of the stock in Petsec Inc. No other corporation, including Petsec Ltd. owns stock in Petsec Inc. Therefore, Petsec Ltd. is actually further removed from Petsec Inc. than is suggested by the Plaintiffs.

III. **LAW AND ARGUMENT**

Although unclear from the Plaintiffs' Complaint, apparently Triangle asserts its claims against and jurisdiction over Petsec Ltd. on three bases. First, Triangle asserts that Petsec Inc. is a wholly owned subsidiary of Petsec, Ltd.[21] Second, Triangle asserts that Petsec Inc. is

---

[21] Triangle's Complaint at ¶ 3.

7

controlled and directed by Petsec Ltd.[22] Finally, Triangle alleges that Petsec Ltd. owns an interest in, and directed that operations be conducted by Petsec Inc. from the co-owned Block 19 Lease, for the benefit of Petsec Inc.'s Block 18 and Block 103 Leases.[23]

The foregoing conclusory grounds asserted by Triangle clearly suggest that Triangle is basing its claims against and jurisdiction over Petsec Ltd., at least in part, on the Defendants' alleged parent-subsidiary relationship. Triangle also appears to base its claims and jurisdiction on an "alter-ego" type theory. Indeed, Triangle is attempting to create contacts by Petsec Ltd. with the Louisiana (through Petsec Inc.) where no more than extremely limited contacts exist.

**A.      Petsec Ltd. lacks the "minimum contacts" necessary to satisfy "traditional notions of fair play and substantial justice".**

The United States Supreme Court has held consistently that a court may not constitutionally exercise personal jurisdiction over a nonresident defendant unless it is shown that the defendant has "certain minimum contacts with [the foreign state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[24] A federal court may exercise personal jurisdiction over a nonresident defendant to the same extent as a state court in the state where the federal court sits.[25] And personal

---

[22] *Id.*

[23] *See Id.* at ¶ ¶ 3, 26, 34, 36 and 38.

[24] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[25] *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994).

jurisdiction over a defendant is proper only if the defendant is "amenable to service" under the state's long-arm statute and exercising jurisdiction does not offend the Due Process Clause of the 14th Amendment.[26] The long-arm statute and Due Process analyses collapse into one inquiry here because jurisdiction under Louisiana's long-arm statute is coextensive with jurisdiction under the Due Process clause.[27]

**B.  Exercising Jurisdiction over Petsec Ltd. would offend Due Process**.

Exercising personal jurisdiction over Petsec Ltd., a nonresident defendant, requires satisfaction of two elements: (1) Petsec Ltd. must have sufficient minimum contacts with the State of Louisiana that result from an *affirmative act* on its part such that it could anticipate being haled into the courts in Louisiana; and (2) it must be fair or reasonable to require Petsec Ltd. to defend a suit in Louisiana.[28]

The Due Process Clause requires that a person have fair warning that his conduct may make him amenable to jurisdiction.[29] This, the Supreme Court has repeatedly observed, requires contacts or ties to the forum:

---

[26] *Id.* at 646-47; *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990); *Olagues v. Stafford*, 316 F.Supp.2d 393, 397 (E.D. La. 2004), *modified on other grounds*, 2004 WL 1444947 (E.D. La. June 25, 2004).

[27] *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

[28] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985); *Dickson Marine,* 179 F.3d at 336; *Wilson*, 20 F.3d at 647.

[29] *See Dickson Marine*, 179 F.3d at 336 (citing *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring); *Olagues*, 316 F. Supp.2d at 397-98.

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' . . . By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' . . . the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit'[.][30]

When a defendant challenges personal jurisdiction, as here, the plaintiff bears the burden of supporting the basis for jurisdiction.[31] To establish the first requirement of minimum contacts, Triangle must show that Petsec Ltd. has "purposefully established minimum contacts within [the State of Louisiana]."[32] Crucial to the minimum contacts analysis is showing that the defendant should reasonably anticipate being haled into court because the defendant has "invoked the benefits and protections of the forum's laws."[33]

---

[30] *Burger King*, 471 U.S. at 471-72 (citations and footnotes omitted).

[31] *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Wilson*, 20 F.3d at 648.

[32] *Burger King*, 471 U.S. at 476-77; *Hanson v. Denckla*, 357 U.S. 235 (1958) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

[33] *Asarco*, 912 F.2d at 786.

**1.   Petsec Ltd. cannot reasonably anticipate being haled into court in the State of Louisiana.**

Minimum contacts can arise in one of two ways – through specific jurisdiction or general jurisdiction.[34] Triangle cannot establish jurisdiction under either method.

**a)   Specific jurisdiction is inapplicable to the facts as alleged by Triangle.**

Specific jurisdiction over a nonresident defendant is proper only when the individual's contacts with the forum state arise from, or are directly related to, the cause of action.[35] To establish personal jurisdiction here, Triangle must show that its cause of action arises from purposeful acts in Louisiana by Petsec Ltd.[36] Specific jurisdiction cannot, however, supply the basis for jurisdiction over Petsec Ltd. because Triangle's causes of action do not arise from any contacts Petsec Ltd. has with Louisiana.

Indeed, Petsec Ltd. has extremely limited contacts with Louisiana. *See* Section II.A. above. What is more, Triangle's causes of action arise from oil and gas operations conducted by Petsec Inc. from the co-owned Block 19 Lease, for the alleged benefit of "Defendants'" Block 18 Lease. But contrary to the Plaintiff's allegations, Petsec Ltd. has no ownership interest

---

[34] *See Asarco,* 912 F.2d at 786; *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361-62 (5th Cir. 1990).

[35] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Dickson Marine*, 179 F.3d at 336.

[36] *See Fuller v. American Recreational Vehicles*, 01-0664 (La. App. 3 Cir. 12/12/01),801 So.2d 642, 645 ("When dealing with corporate officers, a court must look to the individual and personal contacts, if any, of the officer or employee, with the forum state.").

11

whatsoever in either the Main Pass 18, 19, or 103 leases.[37] These are Outer Continental Shelf Leases in Federal waters, not Louisiana's waters. And Petsec Ltd. owns no interest in any Federal or State immovable property. Moreover, Petsec Ltd. has no control over the operations conducted by Petsec Inc. pursuant to the leases.[38]

Hence, Triangle's allegations boil down to its assertion that Petsec Ltd. controls the conduct of Petsec Inc. relative to its operations under the leases. But the facts demonstrate that Petsec Inc. and Petsec Ltd. are separate and distinct legal entities, Petsec Inc. maintains separate headquarters, the two companies do not share common officers, they maintain separate bank accounts and separate insurance, and Petsec Inc. is adequately capitalized.[39] The mere fact that Petsec Ltd. and Petsec Inc. are related corporate entities falls far short of showing that Petsec Ltd. invoked the "benefits and protections" of Louisiana such that it could "reasonably anticipate being haled into court."[40] Petsec Ltd.'s lack of contacts with Louisiana, and the absence of any alleged facts in Plaintiff's Complaint showing that Petsec Ltd. has contacts with Louisiana, establishes that there are no grounds for specific jurisdiction.

**b)	Triangle cannot rely on general jurisdiction to satisfy the "minimum contacts" requirement.**

---

[37] See Affidavit of Craig H. Jones at ¶ 25 attached hereto as Exhibit "A".

[38] *Id*.

[39] *See* Affidavit of Ross A. Keogh at ¶¶ 9, 12, 16, 18 and 19.

[40] *Wilson*, 20 F.3d at 649.

General jurisdiction exists only when the defendant has "continuous and systematic general business contacts" with the forum.[41] This type of jurisdiction subjects a defendant to suit within the forum regardless of the subject matter of the suit. "In this situation, the forum state has no direct interest in the specific cause of action asserted. . . . [and] the contacts must be more extensive in both quality and nature."[42]

To establish general jurisdiction, Triangle must show a substantial connection between Petsec Ltd. and the State of Louisiana.[43] Here again, there is no basis for the exercise of personal jurisdiction. Petsec Ltd. is a domiciliary of, and has its principal place of business in, Sydney, Australia.[44] It has not solicited business, transacted business, entered into any contracts, or had any interest in immovable property, paid taxes or maintained a license to do business, mailing address, or bank account in Louisiana.[45] Clearly Petsec Ltd. does not have "continuous and systematic" contacts with Louisiana and, therefore, exercising general jurisdiction over it would run afoul of the Due Process Clause.

---

[41] *Helicopteros*, 466 U.S. at 415-16; *Wilson*, 20 F.3d at 647.

[42] *Dalton*, 897 F.2d at 1362.

[43] *See Wilson*, 20 F.3d at 650-51 (finding no general jurisdiction because contacts were not "substantial"); *Olagues v. Stafford*, 316 F. Supp.2d 393, 399 (E.D. La. 2004).

[44] *See* Affidavit of Craig H. Jones ¶ 3 attached hereto as Exhibit "A."

[45] *See Id*. at ¶¶ 4, 6, 8, 12-14 and 19.

13

2. **Triangle may not rely on Petsec Ltd.'s parent-subsidiary relationship with Petsec Inc. to provide minimum contacts with the forum sufficient to support personal jurisdiction.**

Triangle asserts that Petsec Inc. is a wholly-owned subsidiary of, and controlled by, Petsec Ltd.[46] Simply alleging that Petsec Ltd. is the parent company of Petsec Inc. is, however, insufficient to establish personal jurisdiction. Furthermore, Triangle's vague and unsubstantiated allegations that Petsec Ltd. "controls" Petsec Inc. are similarly insufficient to establish personal jurisdiction.

The Fifth Circuit has stated as a general rule that "the mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent."[47] Consequently, the fact that Petsec Ltd. is the parent company of Petsec Inc., by itself, will not support the assertion of jurisdiction over Petsec Ltd. However, "there may be instances in which the parent so dominates the subsidiary that they do not in reality constitute separate and distinct corporate entities."[48]

In an effort to circumvent the general rule pronounced by the Fifth Circuit, Triangle asserts that Petsec Ltd. "controls" Petsec Inc. The Fifth Circuit examines the following factors

---

[46] *See* Plaintiff's Complaint ¶ 3. As noted in Section II.B. above, Petsec (U.S.A.) Inc. owns 100% of Petsec Inc.'s stock.

[47] *Dalton* 897 F.2d at 1363 (citing *Hargrave v. Fireboard Corp.,* 710 F.2d 1154, 1159 (5th Cir. 1983)).

[48] *Id.*

14

when determining whether a parent's control will allow the court to exercise what has been termed "alter ego jurisdiction":

(1) Whether the parent owns 100% of the subsidiary's stock;

(2) Whether the two corporations maintain separate headquarters;

(3) Whether the parent and subsidiary share common officers and directors;

(4) Whether corporate formalities are observed;

(5) Whether separate accounting systems are maintained;

(6) Whether the parent exercises complete authority over general policy; and

(7) Whether the subsidiary exercises complete authority over daily operations, including research and development, marketing, and supply.[49]

Here Triangle has merely alleged that Petsec Ltd. wholly owns and "controls" Petsec Inc. Even assuming *arguendo* that Petsec Inc. is a wholly-owned subsidiary of Petsec Ltd. (which it is not), this fact alone is not enough, by itself, to warrant personal jurisdiction.

Petsec Ltd. submits that as a function of its corporate relationship with Petsec Inc., it must approve certain capital expenditures made by Petsec Inc.[50] Pestec Ltd. also submits that it participates in the oversight of Petsec Inc.'s determination of which Offshore Blocks Petsec Inc. will bid on and the dollar amount of such bid.[51] Petsec Ltd. performs this role, however, only

---

[49] *Dalton* 897 F.2d at 1363 (citing *Hargrave v. Fireboard Corp.,* 710 F.2d 1154, 1159 (5th Cir. 1983)).

[50] *See* Affidavit of Craig H. Jones at ¶ 22 attached hereto as Exhibit "A."

[51] *Id.* at ¶ 23.

after Petsec Inc. has determined which Offshore Blocks have exploration potential to Petsec Inc.[52] In any event, the function that Petsec Ltd. plays in the operations of Petsec Inc., including its role in approving budget items, is not direct, and is merely born of its position in the corporate structure. And as previously noted in this brief, the role of Petsec Ltd. in this capacity is typical of most independent subsidiary-parent relationships.

Triangle cannot allege any of the remaining requisite "alter ego jurisdiction" factors because: (1) Petsec Ltd. and Petsec Inc. maintain separate headquarters; (2) they do not share common officers; (3) each company follows corporate formalities, including the holding of annual meetings; (4) they maintain separate bank accounts; (5) Petsec Ltd. does not exercise complete authority or dominion over Petsec Inc.'s general policies; and (6) Petsec Inc. maintains complete authority over daily operations.[53]

Without a doubt Petsec Inc. is a distinct and separate person from that of Petsec Ltd. And the contacts of Petsec Inc. with the forum may not be attributed to Petsec Ltd. as a result of its corporate relationship to Petsec Inc.

Considering that Petsec Ltd. is neither a party nor a signatory to either the Block 18, 19 or 103 Leases, and considering that Triangle has failed to allege the requisite factors sufficient to

---

[52] *Id.*

[53] *See* Affidavit of Ross A. Keogh at ¶¶ 13-15 and 17 attached hereto as Exhibit "B." *See also* Affidavit of Craig H. Jones at ¶¶ 16, 17, 19 and 21-25.

support "alter ego jurisdiction," Petsec Ltd. is entitled to a dismissal on grounds that personal jurisdiction does not exist.

### 3. Traditional notions of fair play and substantial justice.

Given the absence of any meaningful contacts between Petsec Ltd. and the State of Louisiana, this Court need not consider the second requirement of the Due Process analysis, namely, whether assertion of jurisdiction comports with traditional principles of fair play and substantial justice.[54] Petsec Ltd. has done nothing to avail itself of the benefits of Louisiana as a forum state. Petsec Ltd. has no meaningful contacts with the State of Louisiana, and Plaintiffs have alleged none. Accordingly, this Court should grant Petsec Ltd.'s motion to dismiss.

Petsec Energy Ltd. requests that the Court dismiss all claims against it, and grant such other relief to which it is entitled.

    Respectfully submitted,
    GORDON, ARATA, McCOLLAM,
     DUPLANTIS & EAGAN, L.L.P.
    400 East Kaliste Saloom Road, Suite 4200
    P.O. Box 81829
    Lafayette, Louisiana 70598-1829
    Telephone: (337) 237-0132
    Fax: (337) 237-3451

    By:     s/ Christopher B. Bailey
        R. Thomas Jorden, Jr, Bar T.A. #19533
        John C. McCollam #7717
        Aimee W. Hebert #25935
        Christopher B. Bailey, Bar #29074
    Attorneys for Defendant, Petsec Energy Ltd.

---

[54] *See Burger King*, 471 U.S. at 476 (citing *International Shoe*, 326 U.S. at 320).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of March, 2006, a copy of the above and foregoing Memorandum of Law In Support of Motion To Dismiss For Lack of Personal Jurisdiction of Petsec Energy Ltd. was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to the following:

Henry C. Perret, Jr.
Gary J. Russo
John W. Kolwe
Ted M. Anthony

and by facsimile and/or United States Mail, postage prepaid and properly addressed.

    s/ Christopher B. Bailey

Christopher B. Bailey (Bar No. 17749)
GORDON, ARATA, McCOLLAM,
 DUPLANTIS & EAGAN, L.L.P.
400 East Kaliste Saloom Road, Suite 4200
P.O. Box 81829
Lafayette, Louisiana 70598-1829
Telephone: (337) 237-0132
Fax: (337) 237-3451
Email: cbailey@gordonarata.com

GAMDE-NO:laf_34522_1