RECEIVED
JUL 21 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TRIANGLE OIL & GAS, INC. | CIVIL ACTION NO. 06-0251 |
| VERSUS | JUDGE DOHERTY |
| PETSEC ENERGY, INC., ET AL | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Pending before this Court is a Rule 12(b)(6) Motion for Partial Dismissal for Failure to State a Claim Upon Which Relief May Be Granted [Doc. 40] in which Petsec Energy, Inc. seeks dismissal of several, but not all, claims asserted on behalf of the plaintiff. The motion is opposed in part. Originally, oral argument was scheduled on the motion; however, upon closer review of the briefing submitted by both parties, this Court has concluded that further argument from counsel will not be necessary to permit this Court to rule upon the motion. Thus, oral argument is CANCELLED. For the following reasons, the motion will be granted in part and denied in part.

This Court discussed the facts of this case in its ruling on the preliminary injunction application and incorporates the description of the facts as though fully set forth herein.

Triangle has alleged several claims based upon the actions of Petsec Energy, Inc. and Petsec Energy, Ltd. in using the co-owned platform – over the expressed objection of Triangle – to drill a well into an adjacent block, the mineral rights to which inhere solely to the benefit of Petsec. Petsec now moves to dismiss several of those claims for failure to state a claim upon which relief may be granted. A motion to dismiss for failure to state a claim is appropriate when a defendant attacks a complaint because it fails to state a legally cognizable claim. Ramming v. United States, 281 F.3d

158, 161 (5th Cir. 2001). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was established by the United States Supreme Court: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 281 F.3d at 162, *citing* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). In evaluating a defendant's motion to dismiss, a court is obligated to construe the plaintiff's complaint "in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." 281 F.3d at 161, *citing* Oppenheimer v. Prudential Securities, Inc., 94 F.3d 189, 194 (5th Cir. 1996). The court is obligated to examine the complaint to determine whether the allegations provide relief on any possible theory. 281 F.3d at 162, *citing* Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).

The first two claims which Petsec seeks to have dismissed are those for breach of partnership duty and breach of fiduciary duty. In its responsive brief, Triangle agrees that, under the facts and legal assumptions which the parties now believe to be correct, both claims should be dismissed; Triangle requests, however, that the dismissal be without prejudice so as to permit it, in the event that the operative facts develop differently than the parties now anticipate. For these reasons, the breach of partnership and breach of fiduciary duty claims will be dismissed without prejudice, as to both defendants.[1]

As to the remaining three claims challenged by Petsec – those for conversion, unfair trade practices, and trespass – Petsec's arguments will be denied because (I) as to conversion and trespass,

---

[1] While Petsec Energy, Ltd. did not join in the motion to dismiss – at the time it was filed, Petsec Energy, Ltd. was contesting personal jurisdiction in this action, this Court having DENIED Petsec Energy Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction – the order will dismiss the claims as to both defendants because the plaintiff's legal theories on these claims are identical as to both.

they reiterate arguments this Court has already rejected in ruling on the preliminary injunction application; and (ii) they are based, in large part, upon arguments as to the merits of Triangle's claims – *i.e.* whether Petsec actually did engage in conversion or commit a trespass or actually is a "competitor" of Triangle's – rather than whether Triangle, *as a matter of law*, is precluded from asserting such claims. As noted above, in ruling on the motion to dismiss, this Court is required to ascertain whether the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Applying that stringent test, this Court cannot conclude, at this juncture, that it would be impossible for Triangle to prove that: (a) Petsec's use of co-owned property, over the objection of its co-owner, constitutes a conversion of that property; (b) Petsec and Triangle are competitors for some purposes in light of the separate ownership of the adjacent block's mineral rights, notwithstanding the fact that they are co-owners of certain mineral interests on the shared block; and (c) Petsec's use – over Triangle's objection – of property it co-owned with Triangle to conduct business which inhered solely to its benefit constitutes a trespass.

For the foregoing reasons, the Rule 12(b)(6) Motion for Partial Dismissal for Failure to State a Claim Upon Which Relief May Be Granted will be GRANTED IN PART and DENIED IN PART.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___ day of July, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE